OLIN CORPORATION, Plaintiff-Appellee, v. THE FAIR EMPLOYMENT PRAC-
TICES COMMISSION, Defendant-Appellant—(FLOYD MACKLIN, Defen-
dant-Appellee.)

(No. 71-255; ▮▮▮▮▮▮▮▮▮

Fifth District—June 8, 1972.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe,
Samuel E. Hirsch, and Donald S. Carnow, Assistant Attorneys General,
of counsel,) for appellant.

Dorothy Kelley, of Olin Corporation, of East Alton, and Moller, Talent
& Kuelthau, of St. Louis, Missouri, (Paul S. Kuelthau and Ronald K.
Fisher, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GEORGE T. MORAN delivered the opin-
ion of the court:

This is an action for administrative review under the Administrative
Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 264, et seq.), of a decision
and order by the Illinois Fair Employment Practices Commission, here-
inafter referred to as the Commission, against the Olin Corporation,
hereinafter referred to as the employer. The Commission reversed its
Hearing Examiner and found that the employer had committed an unfair
employment practice as defined in Section 3(a) of the Illinois Fair Em-
ployment Practices Act (Ill. Rev. Stat. 1969, ch. 48, pars. 851-867), by
dismissing a black employee for assaulting a white employee. The Circuit
Court of Madison County reversed the decision of the Commission, and
this appeal is taken by the Commission from that order.

The overwhelming weight of evidence is that the employee discharged
attacked and severely beat a fellow employee, who approximately one-half

hour earlier had inadvertently used the word "nigger" in his presence, not addressed to him, but rather to describe a kind of music. Both employees worked in the smokeless powder area of the Olin complex, but not in the same building. The employee dismissed left his work area and went to the other's building some 100 yards away, a location where he had no legitimate reason to be. The evidence establishes the employer's investigation of the incident and determination of dismissal as being called for were reasonable, fair and routine.

The Hearing Officer recomended that the complaint be dismissed because there was "insufficient evidence to support the relief requested." The Commission rejected its Hearing Officer's recommendation and found that the employer committed an unfair employment practice in violation of the Act.

The Circuit Court found "that a preponderance of the evidence does not support a finding of a violation by the company, and that the Hearing Officer's decision is supported by substantial evidence * * * [and] * * * assuming *arguendo* that the tests proposed by the Commission are correct, the court decrees that findings of fact and conclusions of the Commission are not supported by the evidence, and are contrary to the manifest weight of the evidence."

At the time of this incident a rule (I-4) of the employer provided: "Employees fighting or inciting a fight will be subject to immediate discharge." The action of Macklin constituted a clear violation of the foregoing rule and subjected him to immediate discharge. The violation of rule was the only discernible reason for discharging him and regardless of whether or not the white employee's "language triggered the entire incident" insofar as planting some unfortunate stimulus in Macklin's mind, there is insufficient evidence to categorize his apparently inadvertent language as inciting a fight.

The decision of the trial court of Madison County was in accord with the manifest weight of the evidence in this case.

Judgment affirmed.

EBERSPACHER and JONES, JJ., concur.